IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE ROSANNE TAYLOR,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF OAKLAND, DAVID LARSON, and DOES 1–20,<br><br>                            / | No. C 06-05169 WHA<br><br>**ORDER BARRING DEFENDANT DAVID LARSON FROM TESTIFYING AT TRIAL** |

      In this Section 1983 action, defendant David Larson, a former police officer, repeatedly refused to appear for his deposition throughout the discovery period. After the close of business on the last day of the discovery period, his lawyer sent an email to counsel that he had changed his mind and now would testify. The question is whether to re-open discovery and allow defendant Larson to reverse field. After reviewing counsel's letter briefs and considering the oral argument of both sides, the Court rules as follows.

      Defendant Larson refused to appear for his deposition on four occasions, citing a refusal to testify under the Fifth Amendment. Plaintiff's counsel then agreed with the defense to give up on taking the deposition so long as Larson would not testify at trial or by declaration. Both counsel agreed. Defendant Larson's attorney then stipulated in writing that Mr. Larson would not testify "based on the Fifth Amendment" and "shall decline to testify as to any matter whatsoever in this litigation, including but not limited to, at deposition . . . at trial . . . or other proceedings." He further stated that he would not waive his Fifth Amendment right under any

1  circumstances. Based on this, he still refused to appear for any deposition. As stated, the
2  representation was signed by Larson's counsel (and was prepared by and on the pleading of
3  plaintiff's counsel). Although the original was signed, an unsigned copy was submitted to the
4  Court for its blessings. The Court responded on May 9 as follows:

> The stipulation and proposed order regarding defendant
> David Larson's invocation of the Fifth Amendment
> privilege against self-incrimination was not signed by the
> attorney for either side. Assuming that it is a genuine
> stipulation, there is no necessity for the Court to execute
> the stipulation. Whether or not Larson has a good-faith
> basis for declining to answer under the Fifth Amendment is
> unclear on the present record. Moreover, circumstances
> could change in the future, such as the grant of immunity.
> Therefore it would be imprudent for the Court to sign on to
> the blanket stipulation submitted. Finally, all parties
> should be aware of the consequences of invoking the Fifth
> Amendment in a civil action, including the instructions that
> may be given to the jury concerning defendant's refusal to
> testify.

In short, the Court refused to bless the blanket invocation of the Fifth Amendment. Nonetheless, defendant Larson went ahead and completely refused to testify during the entire fact-discovery period in this case. In reliance thereon, counsel have prepared their cases. To allow defendant Larson to reverse field now would be manifestly unfair. We would have to start all over. All discovery would have to be re-done. (A dozen or so depositions have been taken.) Expert reports (on liability) would have to be re-done. The pending summary judgment motion would have to be re-done. Plaintiff has stage-three cancer and moving the trial date would be unfair. This burden and tactic should not be permitted. Nor should a party be allowed to manipulate the case-management schedule in this way so as to get the opportunity to testify last after all other evidence is known. It is further worth noting that at no time has defense counsel justified the sudden change in strategy. Defense counsel claims the changed circumstances are that a motion for summary judgment has been made and defendant Larson now needs to defend himself. That, however, was an entirely foreseeable consequence of the very strategy adopted by the defense.

Having considered various alternatives, including re-opening discovery and requiring defendant Larson to pay the expense of re-doing it, this order holds that the fairest and most

practical course is to hold defendant Larson to the strategy he himself staked out near the outset of the case. Due to Mr. Larson's refusal to testify during the discovery period in this case and in accordance with his unilateral announcement months ago, he shall now not be allowed to testify at trial or to submit a declaration in opposition to the pending summary judgment motion. At trial, counsel shall submit proposed jury instructions to cover the inference that the jury may draw from his refusal to testify.

**IT IS SO ORDERED.**

Dated: August 15, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE