IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE ROSANNE TAYLOR,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF OAKLAND, and DAVID LARSON,<br><br>    Defendants.<br>                                    / | No. C 06-05169 WHA<br><br>**ORDER DENYING DEFENDANTS' REQUEST TO CERTIFY ISSUES FOR INTERLOCUTORY APPEAL** |

**INTRODUCTION**

In this civil rights action, defendant City of Oakland requests that the Court certify certain issues for interlocutory appeal to the Court of Appeals for the Ninth Circuit. Defendant also asks that the action be stayed pending resolution of the appeal. At this time, however, certifying issues for interlocutory appeal would not advance the termination of this litigation. Moreover, defendant has not shown that there are substantial grounds for disagreement on these legal issues. Accordingly, defendant's request is **DENIED**.

**STATEMENT**

On October 23, 2007, an order issued granting in part and denying in part defendant's motion for summary judgment on plaintiff's *Monell* claims. The motion was brought only by the City of Oakland; defendant David Larson did not join in that motion. The order held that plaintiff Sue Rosanne Taylor had failed to show a triable issue of fact as to whether an Oakland

policy or custom was the moving force behind the alleged use of excessive force against her. On the other hand, Taylor's claims based on unlawful arrest, as well as violation of her substantive due process rights and claim for malicious prosecution, were allowed to go forward. Trial in this action is set to begin on December 3, 2007.

On October 29, 2007, the City of Oakland filed a request for certification for interlocutory appeal and for a stay of this action, together with a request to shorten time to hear the motion. The request to shorten time was granted, and plaintiff was given an opportunity to file a response. Defendant requests to certify the following issues for interlocutory appeal:

> (1) Whether plaintiff can proceed with her substantive due process claim under the "state-created danger" doctrine;
>
> (2) Whether there are triable issues of fact as to whether Officer Hoyle had probable cause to arrest Taylor because he could not lawfully place her under custodial arrest under California law.

## ANALYSIS

Otherwise interlocutory orders can be the subject of petition to an appellate court for permission to appeal under 28 U.S.C. 1292(b). That section provides:

> When a district judge, in making in an civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeal or a judge thereof shall so order.

28 U.S.C. 1292(b). Thus, such an order must both involve a controlling question of law as to which there is a substantial ground for difference of opinion and where resolution of that question will materially advance the litigation. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982). Interlocutory review under 28 U.S.C. 1292(b) is an extraordinary remedy

generally limited to instances where immediate appeal might avoid protracted and expensive litigation. *Robbins Co. v. Lawrence Mfg. Co.*, 482 F.2d 426, 429–30 (9th Cir. 1973).

Defendant argues that an interlocutory appeal would advance the termination of this litigation by narrowing some of the issues for trial. In the event that the Ninth Circuit granted this appeal, that might be true. Even then, however, Taylor's claim for malicious prosecution could still go forward as it is unaffected by defendant's request for certification. Taylor's claims against Larson would still be in this action as well. All of those claims would still need to go to trial. Thus, if defendant won in the Ninth Circuit, Taylor's malicious prosecution claim and claims against Larson would still need to be tried. If defendant lost in the Ninth Circuit, all of Taylor's claims would go to trial. Moreover, plaintiff suffers from recurring bouts of breast cancer, so there is a chance that she might not survive through an appeal process, regardless of its outcome. Given plaintiff's health, it is better to go forward with a trial now while a jury can still hear her testify live than wait for a resolution of an appeal that would not even terminate this litigation. Particularly since a trial is necessary in this action anyway, an interlocutory appeal at this time would not materially advance the termination of this litigation.

Defendant also contends that there are substantial grounds for difference of opinion on the law as to these questions. Because this order has already determined that granting defendant's request would not advance the termination of this litigation, it is not necessary to address defendants' argument. Still, it is worth noting that there is ample support for the Court's order on both the issues for which defendant asks for certification.

Defendant cites *United States v. Beccerra-Garcia*, 397 F.3d 1167 (9th Cir. 2005), for the proposition that it is not appropriate to consider the legality of an arrest under state law in a constitutional analysis. That decision, however, noted that there are at least two exceptions to that rule, including searches incident to arrest and inventory searches. *Id.* at 1173, n.3. Moreover, *Beccerra-Garcia* was a suppression motion decided under federal law. This action involves a Section 1983 claim where the arrest was grounded in state law. In addition, several Ninth Circuit decisions have held that it was proper to look to state law in determining whether or

3

not an arrest was constitutional. *See Bingham v. City of Manhattan Beach*, 341 F.3d 939, 950 (9th Cir. 2003); *Edgerly v. City & County of San Francisco*, 495 F.3d 645, 655 (9th Cir. 2007).

The City of Oakland also asks that the Court certify the question of whether Taylor's substantive due process rights were violated under a state-created danger doctrine. Plaintiff points out that there have been several decisions under that theory where the injured party was placed in danger from government officials. For example, the Ninth Circuit held that where police officers found a man in grave need of medical attention, cancelled a call to the paramedics and locked the man inside his house, the police officers could be liable for his death under a state-created danger theory. *Penilla v. City of Huntington Park*, 115 F.3d 707, 709–10 (9th Cir. 1997), *cert. denied sub. nom, Settles v. Penilla*, 524 U.S. 904 (1998). Similarly, in *Munger v. City of Glasgow*, 227 F.3d 1082, 1089–90 (9th Cir. 2000), the Ninth Circuit held that police officers could be held liable for ejecting a visibly drunk patron from a bar on a bitterly cold night when the patron later died. Accordingly, at least in some circumstances, the danger in a state-created danger theory can come from the government itself. Thus, there is no substantial ground for disagreement on this question of law.

**CONCLUSION**

For all of the above-stated reasons, defendant's request for an order certifying issues for interlocutory appeal and staying this action is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 5, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4